(No. 76-CC-0900—)

ROBERT L. MEADE, Claimant, *v.* DEPARTMENT OF PERSONNEL, STATE OF ILLINOIS, DEPARTMENT OF LABOR, STATE OF ILLINOIS, and THE STATE OF ILLINOIS, Respondents.

*Opinion filed February 13, 1981.*

CORNFIELD & FELDMAN (GILBERT CORNFIELD, of counsel), for Claimant.

TYRONE C. FAHNER, Attorney General (FRANCIS M. DONOVAN, Assistant Attorney General, of counsel), for Respondents.

HOLDERMAN, J.

This is a claim for pay allegedly lost by Claimant, a State employee, by reason of failure to receive a "superior performance increase" in pay.

A "superior performance increase" (referred to herein as SPI) is a pay increase given to an employee on the basis of recommendation of each level of his supervisors. No employee may obtain an SPI within 18 months of a previous SPI. The granting of an SPI is within the sole judgment of the manager of a State government office and the superiors of that manager. Only a limited amount of SPI are available to each State office for each fiscal year and recommendations for SPI are submitted on a staggered basis throughout the fiscal year.

Claimant has been an employee of the Department of Labor, Bureau of Employment Security, since 1961, working out of the Rockford Employment Service Office. In April 1972, Claimant received an SPI and became

eligible for receipt of another SPI in October 1973. The SPI was valued at $56.00 per month. Claimant was not granted an SPI until May 1975 and claims that the delay in such receipt of the $56.00 per month increase was a result of unlawful discrimination against him. Claimant further alleges that because of the delay and the required 18-month interval between SPI, he lost further money by reason of his being ineligible for an additional SPI for the period of delay.

The Rockford office of the Bureau of Employment Security was allocated six SPI for the fiscal year 1974. In September 1973, Claimant's superior, Nicholas Deutsch, completed his evaluation of Claimant by rating Claimant "superior." Claimant testified that in September 1973 he talked to Mr. Deutsch and was assured by him that Mr. Deutsch was going to recommend Claimant for an SPI. In fact, Claimant testified, he was shown a draft of the recommendation for SPI by Mr. Deutsch.

Claimant testified further that in October 1973, Deutsch admitted to Claimant that he had not sent in the recommendation for SPI in September because there had been newspaper and television publicity in the Rockford area concerning a grievance that Claimant had filed as a union representative complaining of smoking in the office and lack of proper ventilation in the office. According to Claimant, Deutsch felt that the Regional Manager, Betty Sharpe, would turn down the recommendation for the SPI because of the media publicity surrounding the grievance and therefore did not forward the recommendation in September 1973.

Deutsch testified that the supervisor, Betty Sharpe, had, in 1972, expressed the fact that she was "fed up" with grievances previously brought by Claimant as a union steward and that it was possible that he, Deutsch,

had told Claimant that if he had submitted the SPI it probably would not have been approved by Betty Sharpe. But Deutsch denied that he failed to submit the recommendation for the SPI because of the previous grievances instituted by Claimant, but rather that Claimant was not Number 1 on his list of six for receiving SPI, but was Number 6 in line and, therefore, the recommendation for SPI for Claimant was submitted for the last quarter of fiscal year 1974.

Claimant filed a grievance concerning the delayed SPI. An advisory panel was formed in accordance with the Department of Personnel rules, which panel found that a factor in the delay in awarding Claimant his SPI was Claimant's role as a union representative. The panel's findings, however, were overruled by the Director of Personnel.

It is clear and undisputed that no State employee may be discriminated against by virtue of union participation or by virtue of having exercised his rights by filing grievances.

In order to prove his claim, Claimant has the burden of proving by a preponderance of the evidence that:

1. He was the subject of discrimination by virtue of his union activity and grievance committee; and

2. That but for the discrimination, he would have received the SPI in September 1973.

Claimant, prior to filing his claim in the Court of Claims, filed suit in the Circuit Court of Sangamon County, Illinois, claiming his rights had been violated. This suit was dismissed by the Circuit Court.

It is Claimant's contention that because he had filed a grievance relative to smoking in the office and had caused considerable publicity, he had angered the in-

dividuals who had charge of the promotions and he was, therefore, passed over. The record does not disclose that said grievance had anything to do with Claimant's failure to secure the SPI.

No employee has a vested right to an SPI. Merely because the Claimant was eligible for an SPI did not mean that such an action was mandated. The State office in question was allocated six SPI for the entire fiscal year, which SPI were to be submitted on a staggered basis during the year. The question of which of the six employees were most deserving of an SPI and therefore which names were to be submitted first was purely discretionary with Claimant's supervisor. Claimant's total lack of proof that Claimant was clearly more deserving than the other five who were recommended is, in the opinion of the Court, fatal to Claimant's claim. Claimant could not have been harmed by any discrimination against him if, in fact, the other employees were more entitled than he was to an earlier SPI. There was absolutely no evidence in the record of the qualifications of the other five employees as compared to Claimant's qualifications and there was, therefore, no basis to conclude that any discrimination against Claimant resulted in any damages to him.

Claimant's claim is denied.